UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS INC,<br><br>Defendant. | Case No. 5:14-cv-03236-RMW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 29, 51, 53 |

Before the court is plaintiff Cisco Systems, Inc.'s ("Cisco") motion for leave to file a third amended complaint ("TAC"). Dkt. No. 53. Defendant STMicroelectronics, Inc. ("ST Micro US") opposes. Dkt. No. 64. For the reasons explained below, the court GRANTS the motion for leave to file the TAC. The court also addresses two sealing motions related to exhibits submitted with the first and second amended complaints.

**I. MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Cisco seeks leave to file a TAC which names STMicroelectronics S.r.l. ("ST Micro Italy") as a defendant. Dkt. No. 53 at 1.[1] Leave to amend is freely given. Fed. R. Civ. Pro. 15. Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith

---

[1] A detailed factual background of this litigation can be found in the Court's earlier order on ST Micro US's motion to dismiss the First Amended Complaint. Dkt. No. 62; *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, No. C-14-03236-RMW, 2014 WL 7387962 (N.D. Cal. Dec. 29, 2014).
5:14-cv-03236-RMW                                   1

1   on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of
2   the proposed amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986
3   (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is the consideration of
4   prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v.*
5   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd v. Leighton*, 833
6   F.2d 183, 185 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining
7   *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."
8   *Id.* (citation omitted). "Undue delay by itself, however, is insufficient to justify denying a motion
9   to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

10  ST Micro US offers no reason to deny the motion for leave other than undue delay. Dkt.
11  No. 64. Importantly, ST Micro US does not identify any prejudice that would result from
12  allowing Cisco to name ST Micro Italy as a defendant. On the other hand, Cisco has no
13  explanation for why it did not name ST Italy in its original complaint. Cisco only argues that
14  because no case management order has been entered, the delay is not "undue." Dkt. No. 53 at 6.

15  Although the court agrees with ST Micro US that Cisco could have, and should have,
16  named ST Micro Italy in its original complaint, delay alone is not sufficient to deny Cisco leave to
17  amend. *See Bowles*, 198 F.3d at 758. Accordingly, the court GRANTS the motion for leave to
18  file the TAC.

19  **II.  MOTIONS TO SEAL**

20  Cisco filed two Administrative Motions to File Under Seal Six Exhibits to the Amended
21  Complaints. Dkt. Nos. 29 and 51. ST Micro US claims that the exhibits contain confidential
22  information, and submitted declarations of Antonino Motto submitted in support of the motions to
23  seal. Dkt. Nos. 32 and 54. The court DENIES without prejudice the motions to seal. The
24  motions seek to seal six exhibits in their entirety. The motions are not narrowly tailored, as all of
25  the documents sought be sealed contain information that was publically disclosed in the
26  complaints or in the parties' papers. It is not clear from the declarations what information in the
27  documents has both not been publically disclosed and should be sealed. For example, Exhibit 8 is
28  5:14-cv-03236-RMW                                   2

1  a "Customer Complaint Report" discussed at Paragraph 63 and throughout the Second Amended
2  Complaint.  The discussion in the public complaint includes details about the authors, content, and
3  distribution of the report.  The declaration of Antonino Motta does not explain what information
4  within the report is sealable.

5  Defendant STMicroelectronics may file a **narrowly tailored** declaration in support of
6  sealing **specific portions** of the exhibits that contain confidential business information. *See* Civil
7  Local Rule 79-5 (detailing requirements for filing a motion to seal).

**III. ORDER**

For the reasons explained above, the court GRANTS the motion for leave to file the Third Amended Complaint.  Plaintiff shall serve defendants forthwith.  The motions to seal are DENIED without prejudice.

**IT IS SO ORDERED**.

Dated: March 18, 2015

_____
Ronald M. Whyte
United States District Judge