UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CISCO SYSTEMS INC,

　　　　Plaintiff,

　　v.

STMICROELECTRONICS INC, et al.,

　　　　Defendants.

Case No. 5:14-cv-03236-RMW

**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF STMICROELECTRONICS, INC.'S COUNTER-COMPLAINT**

Re: Dkt. No. 129

Before the court is defendant STMicroelectronics, Inc.'s administrative motion to seal portions of its counter-complaint against plaintiff Cisco. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

1

5:14-cv-03236-RMW
ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF STMICROELECTRONICS, INC.'S COUNTER-COMPLAINT

A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

With these standards in mind, the courts rules on the instant motion as follows.

| **Motion to Seal** | **Document to be Sealed** | **Ruling** | **Reason/Explanation** |
|---|---|---|---|
| 129 | Defendant STMicroelectronics, Inc.'s Amended Answer to Third Amended Complaint and Counter-complaint (129-4) | GRANTED as to proposed redactions (highlights). | Narrowly tailored to confidential business information. |

2

5:14-cv-03236-RMW
ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF STMICROELECTRONICS, INC.'S COUNTER-COMPLAINT

**IT IS SO ORDERED.**

Dated: January 13, 2016

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

5:14-cv-03236-RMW
ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF STMICROELECTRONICS, INC.'S COUNTER-COMPLAINT